J-S81021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRELL LEE DOUGLAS | |
| Appellant | No. 995 MDA 2017 |

Appeal from the Judgment of Sentence imposed May 16, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0004313-2016

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.;          **FILED MARCH 27, 2018**

Appellant, Terrell Lee Douglas, appeals from the judgment of sentence imposed on May 16, 2017 by the Court of Common Pleas of Berks County. Appellant argues the trial court abused its discretion in denying his weight of the evidence claim.  Upon review, we affirm.

The relevant factual background can be summarized as follows.  On September 12, 2016, Berks County Adult Probation officers went to 717 Locust Street in Reading to conduct a home visit on Lidia Burgos, a parolee who lived at that address, on the third floor of the residence.  Once inside the residence, the officers could smell burnt marijuana when approaching the second floor. When they entered Burgos' apartment, they discovered Burgos' boyfriend, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, lying in a bed. One of the officers recognized Appellant as a state parole violator. After confirming he had an outstanding state parole warrant, Appellant was taken into custody and removed from the residence.

The officers then conducted a search of the apartment. In the process, they found handgun ammunition on the floor and a handgun in between the mattress and the box spring of the bed on which Appellant had been lying. They also found a cell phone, a suitcase containing male clothing, and two letters, one from Appellant to Burgos and one from the Domestic Relations Sections of the Berks County Services Center to Appellant.

Subsequently, Appellant was taken to the police station where he was interrogated. He confessed that the handgun and the ammunition found on the third floor of the apartment belonged to him. It is undisputed Appellant's several prior felony convictions prevented him from legally possessing a handgun.

At trial, Appellant testified that the handgun belonged to a friend who had passed away. He also explained that his prior confession to the interrogating officers was false and was offered to protect his pregnant girlfriend, Burgos, from consequences of violating parole. He also added that he recanted his confession because it was unfair that he should suffer the consequences of Burgos' actions.

> On May 16, 2017, a jury convicted Appellant [] of [p]ersons not to [p]ossess, [u]se, [m]anufacture, [c]ontrol, [s]ell, or [t]ransfer [f]irearms. That day, Appellant received a sentence of five (5) to ten (10) years of incarceration. Following sentencing[,] Appellant

filed a post-sentence motion on May 26, 2017. [The trial court] denied this motion on May 30, 2017.

Trial Court Opinion, 8/28/17, at 1.

As noted above, Appellant raises a weight of the evidence claim. Specifically, Appellant argues the trial court abused its discretion in denying his weight of the evidence claim because: (i) there was no evidence Appellant had actual possession of the weapon; (ii) there was no DNA or fingerprints evidence tying Appellant to the weapon; (iii) the trial court did not believe he did not live in the residence where the weapon was found; (iv) the trial court did not believe that the weapon belonged to a friend; and (v) the trial court should have given more weight to his testimony at trial (negating any connection to the weapon) over his confession to the possession of the weapon given to the officers at the time of the investigation. We disagree. Accordingly, we affirm the judgment of sentence.

In **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000), our Supreme Court explained:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

**Id.** at 751-52 (internal citations and quotation marks omitted).

- 3 -

On review, an appellate court does not substitute its judgment for that of the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination. *Id.* at 753.

The trial court addressed Appellant's weight of the evidence claim as follows:

> At trial, [an investigating officer] testified that he discovered a suitcase with mens [sic] clothing, [] Appellant's cell phone, and two letters that were either to or from Appellant within the residence. The jury from this testimony was free to conclude that Appellant was staying in the house for an extended period of time. This testimony was corroborated by other officers testifying that Appellant was found lying on top of a mattress – the gun was under the mattress – in the room where the gun and ammunition were found. Considering this testimony, a reasonable juror could have concluded that Appellant possessed the gun.
>
> Additionally, the jury was free to believe all the statements of the owner of the residence, [], were incredible. She clearly had motive to fabricate, as her own son was a close friend of Appellant. Moreover, a reasonable juror would have deducted that her testimony concerning the ownership of the gun was clearly false. She testified that her son's firearm had pearl grips, while in fact the discovered gun had wooden grips, making her explanation as to why the firearm was in the bedroom incredible. It follows that the jury was free to conclude that she was false in all her statements.
>
> Furthermore, the lack of DNA and fingerprint evidence was accurately and adequately explained to the jury. An expert credibly testified as to why a gun may lack a fingerprint and the

irrelevance of DNA evidence when a gun is found in a person's bedroom.[1]

Finally, a reasonable juror could have concluded that the gun belonged to Appellant by his confession alone. During the confession, Appellant was accurately able to identify the gun. Also, Appellant's had an obvious motive to recant his prior confession as he now faced the prospect of punishment.[2]

As such, the guilty verdict, when weighed against the relevant law and against the facts as elucidated above, does not reveal any partiality, prejudice, bias or ill will, nor do the verdicts shock one's sense of justice. In light of the confession and physical evidence, which was presented to the jury, [the trial court sees] no reason to conclude that the jury's verdict was contrary to the weight of the evidence.

Trial Court Opinion, 8/28/17, at 14-15 (footnote omitted).

In light of the foregoing, we conclude that the trial court did not abuse its discretion in denying Appellant's weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018

---

[1] In addition, we note that Appellant fails to explain why the Commonwealth needed to conduct either of the above tests to prove possession. Indeed, constructive possession is all that is required.

[2] To this end, we also note Appellant's claim essentially amounts to asking us to reweigh the evidence in his favor, substituting our judgment for that of the jury and the trial court. We cannot do so. **Widmer**, **supra**.